UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| SHAUN VINCENT ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | NO. 2:17-cv-00004 |
| ] | JUDGE CRENSHAW |
| TIM NASH, et al. ] | |
|     Defendants. ] | |

## **M E M O R A N D U M**

The Plaintiff, proceeding *pro se*, is an inmate at the Putnam County Jail in Cookeville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Tim Nash, Administrator of the Jail; Linda Reeder, Clerk and Master of the Putnam County Chancery Court; and Daniel Rader III, an attorney in Cookeville; seeking injunctive relief and damages.

The Plaintiff has been unsuccessfully trying to obtain a copy of the Policies and Procedures Manual for the Putnam County Jail. He claims that the defendants have refused to provide him with one "only to frustrate and deny my access to the court system and is a direct violation of my due process rights." Doc. No. 1 at pg. 7.

To state a claim for § 1983 relief, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). To insure the meaningful exercise of this right, jail officials are under an

1

affirmative obligation to provide inmates with access to an adequate law library, Walker v. Mintzes, 771 F.2d 920 (6th Cir.1985), or some alternate form of legal assistance. Procunier v. Martinez, 416 U.S. 396 419 (1974).

It is not enough, however, for the Plaintiff to simply allege that an adequate law library or some alternate form of legal assistance has not been made available to him. He must also show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. Walker, *supra* at 771 F.2d 932; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996).

In this case, the Plaintiff has made no such showing. As a consequence, he has failed to state a claim upon which relief can be granted.

Having failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the Complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
United States District Judge